ORIGINAL

FILED
MAY 21 2004
U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AVL INTERNATIONAL, INC.
and ANESTA LENHARDT

NO. 04- 909C

Plaintiffs

v.

THE UNITED STATES

Defendant

Plaintiffs by their attorneys Patton, Eakins, Lipsett, Ellis & Savage, for their complaint herein, alleges as follows:

**JURISDICTION**

1. This court has jurisdiction of the claim herein pursuant to The Contract Disputes Act of 1978, 41 U.S.C.A. § 601 et seq., which authorizes the payment of money in the event of a breach of contract by the United States.

**STATEMENT OF CLAIM**

2. Claimant AVL International Inc. ("AVL") was awarded Contract No. SPO 413-95-D-0212 (the "Contract") on July 1, 1995, in response to solicitation No. SPO 413-94-R-3573 dated August 12, 1994 of respondent's Defense General Supply Center ('DGSC'). Claimant Anesta Lenhardt was the principal of AVL.

3. The said solicitation provides on page 2 "This solicitation is issued to

establish a requirements type contract against which delivery orders will be issued to satisfy the purchase requirements of the U.S. Army".

4. The Contract was for an estimated amount of $800,592.98 of book purchases for DGSC for one year from July 1, 1995, to June 30, 1996. The Contract also contained two one-year options, both options having been exercised, for the same estimated amount.

5. AVL's proposal bid prices were based upon discounts received from purchasers for large volume purchasing. Further, AVL had structured its operations, and incurred commensurate expenses, in anticipation of a contract providing for the estimated volume of book purchases and revenue.

6. However, in short order, the volume of books being ordered under the Contract began falling short of the contract estimates. Upon information and belief, as later learned by claimants, instead of ordering its requirements for books from AVL as provided in the Contract, DGSC permitted its libraries to order books from other suppliers.

7. As a result of the shortfall in orders defendants began to suffer serious shortages of funds to operate AVL's business. The problem was compounded because the reduced quantity of orders prevented AVL from obtaining the originally anticipated discounts from publishers. Claimants contacted DGSC to remediate this

situation. It was suggested by DGSC, rather than adhere to past practice of invoicing for books ordered after shipment, that defendants invoice for books ordered prior to shipment to obtain funds needed for operation in anticipation of the eventual receipt of orders in the volume estimated in the Contract and the funds resulting from such orders.

8. Respondent never came close to ordering the quantities of books estimated in the Contract. Orders for the first contract year were in the approximate amount of $142,000 and for the second contract year in the approximate amount of $125,000.00.

9. As a result of Respondent's failure to adhere to the Contract defendants were not able to fund their operations, to complete delivery on numerous orders for which invoices had been sent and paid and suffered substantial losses in revenues and profits that would have been realized if plaintiff had met its obligations under the Contract.

10. On or about May 7, 1997, AVL submitted a Request For Equitable Adjustment ("REA") in regard to the contract covering the period ending June 30, 1997 on the basis that the Government had breached the requirements terms of the contract. No action or response was issued by the Government.

11. As a result of the failure of the Government to respond to the REA, the REA was converted by letter dated May 27, 2003, sent by certified mail into a claim under the Contract Disputes Act of 1978 and the Disputes clause in the Contract. The

claim further encompasses losses for the third year of the Contract ending June 30, 1998. A copy of the letter is annexed.

12. No decision on the claim has been issued by the Government.

13. Claimants allege damages for breach of contract in the amount of $460,000.00. However, in the course of the Contract AVL received payment for books which were ordered and not shipped. The United States as plaintiff commenced an action against claimants as defendants in the United States District Court for the Middle District of Florida to recover for such payments and other damages (Case No. 8101-cv-2328-T-24 TBM).

14. The said action was settled pursuant to a settlement agreement dated April 1, 2004. In that settlement agreement the United States alleged that defendants owed $151,150.81 for failure to complete the shipment of books and defendants agreed to pay $80,000.00. For purposes of this action defendants acknowledge that the United States is entitled to an offset of $135,000.00, including the settlement amount, which offset to the extent applied in this action would have the effect of discharging defendants' obligations under the settlement agreement.

15. Although the settlement agreement otherwise involved the settlement of disputed claims and liabilities, it was expressly provided therein that it did not affect the defendants' right to pursue a claim under the Contract Disputes Act.

**WHEREFORE** judgment is demanded against the respondent United States, after offsets, in the amount of $325,000.00.

Dated: May 19, 2004

Respectfully submitted,

Anesta V. Lenhardt, defendant and for defendant AVL International Trading, Inc.

John G. Lipsett, Esq.

Patton, Eakins, Lipsett, Ellis & Savage
420 Lexington Avenue
New York, New York 10170
Attorney for claimants
(212) 867-8280

May 27, 2003

**CERTIFIED MAIL-RR**

Mr. Gary T. Rivers, Jr.
Contracting Officer
DGSC-JJE
8000 Jefferson Davis Highway
Richmond, VA 23297-5865

Re: Contract No. SP0413-95-D-0212
AVL International, Inc.
Claim For Equitable Adjustment

Dear Mr. Rivers:

Enclosed is a claim in the above matter.

Please forward all communications in the matter or a copy to this office. If you have any questions or need any further information, please contact the undersigned.

Thank you for your cooperation in this matter.

Sincerely,

John G. Lipsett

JGL:cv
Enclosure

AVL International, Inc.
29 John Street
New York, New York 10038

May 27, 2003

Mr. Gary T. Rivers, Jr.
Contracting Officer
DGSC-JJE
8000 Jefferson Davis Highway
Richmond, VA 23297-5865

Re: Contract No. SP0413-95-D-0212
AVL International, Inc.
Claim For Equitable Adjustment

Dear Mr. Rivers:

On or about May 7, 1997, AVL International, Inc. submitted a Request for Equitable Adjustment in regard to the above-referenced Contract, on the basis that the Government breached the requirements terms of the contract. The claim covered the contract period ending June 30, 1997. Despite this submission, no action or response was issued by the Government.

As a result of the Government's failure to respond to the REA, please be advised that this letter constitutes a conversion of the previously submitted REA into a Claim for Equitable Adjustment under the Contract Disputes Act of 1978 and the Disputes Clause incorporated into the referenced Contract. All documentation submitted in the REA is hereby incorporated into this Claim by reference, and in its entirety. For the above period claim for loss is made in the amount of $300,368.71, the amount set forth in the REA, subject to offsetting payments, or an estimated net amount of $165,000.00.

This claim further encompasses loss on the same basis for the third year of the contract ending June 30, 1998, computed in accordance with the formula used in the REA to determine loss for the first two years of the contract, or an estimated amount of $160,000.00.

The required executed Certification is attached hereto. Pursuant to the terms of the Contract Disputes Act of 1978 and the Disputes Clause of the Contract, demand is hereby made for compensation in the total amount of $325,000.00, and for a Contracting Officer's Final Decision.

Sincerely,

AVL International, Inc.

By: ______________________
Anesta Lenhardt, President

# CLAIM CERTIFICATION

I certify that the Claim is made in good faith; that the supporting data is accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the contract adjustment for which the Contractor believes the Government is liable; and that I am duly authorized to certify the claim on behalf of the Contractor.

Date:

______________________________
Anesta Lenhardt, President
AVL International, Inc.